## 11621

### BROWN v. GIBBES MACHINERY COMPANY

#### (125 S. E., 638)

1. Chattel Mortgages—Punitive Damages Held Not Recoverable in Absence of Showing of Fraud.—On seller's conversion of automobile delivered to it by buyer on inability to pay note for balance of purchase price secured by chattel mortgage, under agreement to sell car for buyer for certain amount, buyer could not recover punitive damages, in absence of showing of fraud.

2. Chattel Mortgages—Measure of Damages on Seller's Conversion of Automobile Delivered to it by Buyer Under Agreement to Resell for Certain Amount Stated.—On seller's conversion of automobile delivered to it by buyer on inability to pay note for balance of purchase price secured by chattel mortgage, under agreement to sell car for buyer for certain amount, buyer's measure of damages was the difference between such amount and the amount of his debt to seller.

Before Whaley, J., County Court Richland, December, 1923. Affirmed in part and reversed in part.

Action by Brooks Brown against the Gibbes Machinery Company. Judgment for plaintiff, and defendant appeals.

The plaintiff purchased an automobile from the defendant and gave defendant a chattel mortgage to secure payment of balance due thereon. He testified that he was unable to pay balance of price when note fell due, and turned the car over to defendant under agreement that defendant would sell the car for him for $500.00. The defendant proceeded to make certain repairs on the car and claimed plaintiff was liable therefor.

*Messrs. Thomas & Lumpkin,* for appellant, cite: *What constitutes conversion:* 21 S. C. Eq., 375; 30 S. C. L., 322; 114 S. C., 387.

*Messrs. DePass & DePass* and *Alfred Wallace, Jr.,* for respondent, cite: *Terms of a mortgage may be altered by subsequent parol agreement:* 17 Cyc., Sec. 31, p. 734. *Conversion:* 38 Cyc., 2005; 114 S. C., 387; 28 Cyc., 226; 72 S. C., 458. *Punitive damages for conversion:* 38 Cyc., 2104, Sec. 3; 53 S. C., 135. *Sale under mortgage not conducted according to law amounts to a conversion:* 26 R. C. L., 1120; Sec. 31; 38 Cyc., 2022; Code 1922, Sec. 5629.

December 8, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This case came on to be heard before Judge Whaley of the County Court for Richland County and a jury on December 10, 1923. The plaintiff claimed $3,000 damages for alleged conversion concerning an automobile, as is more fully alleged in the complaint herein. The defendant held a chattel mortgage over this automobile and denied the allegations of the complaint, set up a counterclaim for repairs to the car and the balance due on its note with interest. A motion for directed verdict was made by defendant, which was refused by the Trial Court and the issue of conversion submitted to the jury. The jury returned a verdict of $110.00 actual damages and $500.00 punitive damages, on which verdict a motion was made to grant a new trial, which was refused, and this appeal is therefore taken."

The exceptions, five in number, challenge the correctness of his Honor's ruling.

Exceptions 1, 2, and 3 allege error on the part of his Honor in refusing motion for a directed verdict for the defendant as to punitive damages.

These exceptions must be sustained. There is no 1, 2 evidence in the case at all that would warrant a verdict for punitive damages. No fraud is shown in

the whole transaction. Brown's only contention is that he should get $500.00 for the car. His only measure of damages would be for breach of contract and the difference between $500.00, which he contends was the price agreed upon, and what he owed the appellants. He fixed the price in his testimony and will have to stand by that price. The jury believed his testimony and found for him both actual and punitive damages. The judgment as to punitive damages is reversed, and as the jury had testimony as to actual damages, ample to support their verdict, and we see no prejudicial error on the part of the Court as to actual damages, we see no reason to grant a new trial as to actual damages.

The judgment of the Court is that as to punitive damages the judgment of the County Court be reversed, and affirmed as to actual damages.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.